Mr. Justice Merrick
delivered the opinion of the court:
It is unnecessary to consider the rulings of the circuit upon questions of evidence set out by the bills of exception on this record, since the plaintiff has precluded itself by voluntary proceedings in respect to the principal defendant from a recovery against his sureties.
The action was a joint action against Mattoon and his sureties upon an official bond. The sureties pleaded to issue ; the principal entered no plea whatever. In this state of case, instead of taking a judgment by default against the principal and an inquiry of damages as to him, before the, same jury which tried the issues against the sureties, the *567 plaintiff passed over the default, and tried the whole case upon issues, as well against the principal as against the sureties ; and when the court ruled that the offered evidence was insufficient to maintain the action against the sureties the plaintiff consented to a verdict in favor of the principal, and the verdict was accordingly rendered for all the defendants, and judgment, inde. This worked a discharge, final and irrevocable, as to the principal debtor, by the plaintiff’s consent; and the principal being discharged, it follows that the sureties are also discharged, by operation of law.
The apprehension of prejudice to its rights from proceeding to final judgment against the principal, even if such result would have followed, might have been, and ought to have been, obviated by the course already suggested as the proper one, viz: of taking a judgment by default for want of a plea against the principal, and then, submitting to the trial jury an inquiry of damages against him. And if, upon beginning the inquiry of damages before the same jury which tried the issues, the plaintiff had been met by any impediment to a verdict against the other defendants, the attorney might then have de'clined to proceed further with the inquiry of damages, and have withdrawn that from the jury, to be renewed when he should on error have reversed the rulings in favor of other defendants, Tidd, pr. 895.
Or the plaintiff might have entered a nolle prosequi against the principal, as was done in the case of Minor vs. Mechanics Bank of Alexandria, 1 Pet., 46.
By either of those courses the plaintiff’s rights could have .been saved, while prosecuting an appeal against the sureties.
As the matter now stands, however, this court must affirm the judgment in favor of all the defendants.
Judgment affirmed.